IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> EDMOND SHACKLEFORD § <br> ROCHELLE, § <br> § <br> Defendant. § | Civil Action No.5:20-cv-194 |

## COMPLAINT

Plaintiff United States of America, on behalf of the Secretary of Agriculture (hereinafter "Secretary"), brings this civil action for the recovery of penalties and injunctive relief against Defendant Edmond Shackleford Rochelle (hereinafter "Rochelle" or "Defendant") for violations of the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. § 181, *et seq*. (hereinafter the "Act" or "P&SA").

## PARTIES

1. Plaintiff is the United States of America, bringing this action on behalf of the Secretary of Agriculture in his official capacity.

2. Defendant Edmond Shackleford Rochelle, d/b/a. Ford Rochelle (AM#17362) is an individual with a physical address of 2165 FM 559, Texarkana, Texas 75503 and a mailing address of P.O. Box 61, Nash, Texas 75569. Defendant is engaged in the business of operating a market agency to buy livestock on a commission basis.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, and pursuant to 28 U.S.C. § 1345, because

this action has been commenced by the United States.  In addition, Sections 314 and 315 of the P&SA empower the Attorney General of the United States to initiate appropriate proceedings under the Act to be commenced and prosecuted in the proper courts of the United States.[1]

4. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b), as Defendant resides in this District.

## STATEMENT OF THE CLAIM

RELEVANT PROVISIONS OF THE PACKERS AND STOCKYARDS ACT

5. The P&SA regulates the conduct of packers, swine dealers, live poultry dealers, stockyard owners, market agencies, and dealers, imposing certain affirmative requirements on these entities and proscribing certain conduct by them.[2]  The Packers and Stockyards Division of the Fair Trade Practices Program, Agricultural Marketing Service ( hereinafter "P&S Division or AMS") is responsible for administering and enforcing the Act and investigating concerns regarding unfair and anti-competitive practices in these markets.

6. Section 301 of the Act defines a "dealer" as "any person . . . engaged in the business of buying or selling in commerce livestock, either on his own account or as the employee or agent of the vendor or purchaser."  Section 301 also defines a "market agency" as "any person engaged in the business of buying or selling in commerce livestock on a commission basis."[3]

7. Dealers and market agencies must register with the USDA[4] and are required to post a "reasonable bond[] . . . to secure the performance of their obligations."[5]

---

[1] 7 U.S.C. §§ 215-216.
[2] 7 U.S.C. §§ 181, et seq.
[3] *Id*. § 201.
[4] *Id*. § 203; 9 C.F.R. § 201.10.
[5] 7 U.S.C. § 204; 9 C.F.R. § 201.29.

8. The P&SA also requires dealers and market agencies to adhere to the provisions of the Act, including to promptly pay for purchased livestock, and any failure to do so is deemed to be an "unfair practice" in violation of the Act.[6] The Secretary has the authority to order that any dealer of market agency believed to be engaging in an "unfair, unjustly discriminatory, or deceptive practice . . . cease and desist from continuing such violation."[7] The Secretary may also "issue an order suspending [a registered dealer or market agent] for a reasonable specified period" if, after due notice and hearing, "the Secretary finds any registrant is insolvent or has violated any provisions of the Packers and Stockyards Act."[8]

9. If a dealer fails to obey an order of the Secretary, Section 314 of the Act provides for an action for civil penalties:

> a. Any stockyard owner, market agency, or dealer who knowingly fails to obey any order made under the provisions of sections 310, 311, or 312 of this Act shall forfeit to the United States the sum of $1,996 for each offense.[9] Each distinct violation shall be a separate offense, and in case of a continuing violation each day shall be deemed a separate offense.[10] Such forfeiture shall be recoverable in a civil suit in the name of the United States.
>
> b. It shall be the duty of the various United States attorneys, under the direction of the Attorney General, to prosecute for the recovery of forfeitures. The costs and expense of such prosecution shall be paid out of the appropriation for the expenses of the courts to the United States.[11]

10. Section 315 of the Act provides for proceedings to enforce the Secretary's order by injunction:

> If any stockyard owner, market agency, or dealer fails to obey any order of the Secretary other than for the payment of money while the same is in effect, the Secretary, or any party injured thereby, or the United States by its Attorney General, may apply to the district court for the district in which such person has

---

[6] 7 U.S.C. § 228b; 9 C.F.R. § 201.43.
[7] 7 U.S.C. § 213.
[8] *Id.* § 204.
[9] The amount of $1996.00 applies to violations occurring after June 17, 2020. For violations prior to that date, the applicable amount is $1913.00. *See* 7 C.F.R. § 3.91 and Pub. L. 101-410.
[10] 7 U.S.C. § 215.
[11] *Id.*

      his principal place of business for the enforcement of such order. If after hearing the court determines that the order was lawfully made and duly served and that such person is in disobedience of the same, the court shall enforce obedience to such order by a writ of injunction or other proper process, mandatory or otherwise, to restrain such person, his officers, agents, or representatives from further disobedience of such order to enjoin upon him or them obedience to the same.[12]

## FACTUAL BACKGROUND

11. Defendant has engaged in the business of being a market agency, buying livestock in commerce on a commission basis as an employee or agent of another. Consequently, Defendant is a "market agency" under the Act and is subject to, inter alia, the provisions of the P&SA described above and their implementing regulations.

12. On June 20, 2018 an administrative complaint (hereinafter "Administrative Complaint") was filed by the Secretary against Defendant (while operating as both a dealer and market agency) for failure to pay for livestock purchases amounting to $233,417.00, in violation of 7 U.S.C. §§ 213 and 228b.

13. On August 28, 2018, a Consent Decision (hereinafter "2018 Order") was issued by an Administrative Law Judge (hereinafter "ALJ"), in which Defendant was ordered to cease and desist from failing to pay full purchase price for livestock in a timely manner. Pursuant to 7 U.S.C. § 204, the 2018 Order also suspended Defendant's registration for a period of five years. The Administrative Complaint is attached hereto as Exhibit A, and the 2018 Order is attached hereto as Exhibit B.

14. On May 14, 2019, the P&S Division conducted an investigation to ensure that Defendant was complying with the 2018 Order. This investigation revealed that Defendant continued to act as a market agency despite the suspension. Specifically, Defendant continued to

---

[12] *Id.* § 216.

purchase livestock on a commission basis. He engaged in 43 separate transactions, totaling $1,073,765.22 from October 2018 through April 2019. As a result of these transactions, Defendant received $7,588.47 in buying commissions.

15. In sum, Defendant has not ceased buying cattle in contravention of the P&SA, its implementing regulations and the 2018 Order, as demonstrated by his 43 known purchases, totaling more than $1,073,765.22 million, made between October 2018 and April of 2019.

16. On information and belief, Defendant continues to operate in violation of the P&SA, and his actions may reasonably be expected to cause harm to livestock producers. Specifically, Defendant has operated and continues to operate in violation of the Secretary's 2018 Order suspending his registration. As a result of the fact that he does not have a valid registration, Defendant has also operated and continues to operate without the required bond, as set forth in 7 U.S.C. § 204 and 9 C.F.R § 201.29, thereby placing livestock sellers with whom he contracts at risk of not receiving full payment should he default. Bonds provide protection to livestock sellers and consignors by allowing them to file claims against the bonds should the dealer fail to pay for the livestock consigned to or sold to them.

17. Enjoining Defendant from operating under the Act is in the public interest, as Defendant has and continues to operate in violation of the P&SA, despite having consented to the 2018 Order suspending his registration.

## COUNT I (7 U.S.C. § 215)

18. The United States incorporates Paragraphs 1 through 17 of this Complaint, as is fully set forth herein.

19. Defendant is violating the P&SA by failing to comply with the Secretary's August 28, 2018, Order issued under the provisions of Section 312 of the Act, 7 U.S.C. § 213.

20. Therefore, under 7 U.S.C. § 215, Plaintiff is entitled to civil penalties in the amount of $82,259.

## COUNT II (7 U.S.C. § 216)

21. The United States incorporates Paragraphs 1 through 20 of this Complaint, as is fully set forth herein.

22. Defendant is violating the P&SA by failing to comply with the Secretary's 2018 Order issued under the provisions of Section 312 of the Act, 7 U.S.C. § 213.

23. Therefore, under 7 U.S.C. § 216, Plaintiff is entitled to injunctive relief.

WHEREFORE, the Plaintiff, the United States of America, prays:

1. That the Court issue judgment in favor of the United States and against the Defendant on both Counts of the Complaint;

2. That the Court issue preliminary and permanent injunctive relief, pursuant to 7 U.S.C. § 216, enforcing the Secretary's 2018 Order, wherein Defendant's registration was suspended for a period of five years in accordance with 7 U.S.C. § 204.

3. That the Court order Defendant to pay civil penalties in the amount of $82,259 pursuant to 7 U.S.C. § 215, plus any interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961 until paid in full;

4. That Defendant pay the costs of this proceeding; and

5. That the United States be awarded any further relief the Court deems just and proper.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

/s/ *Aimee M. Cooper*
AIMEE M. COOPER
Assistant United States Attorney
Lead Attorney
Texas State Bar No. 24061167
United States Attorney's Office
101 East Park Blvd., Suite 500
Plano, Texas 75074
Telephone: (972) 943-3597
Telefax: (972) 509-1209
aimee.cooper@usdoj.gov